# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MARWAN EL-MORDEHA and ANDREA GAW, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) NO. 3:24-cv-00847 |
| v. | ) ) |
| | ) JUDGE CAMPBELL |
| SANARA TRUCKING LLC, et al., | ) MAGISTRATE JUDGE NEWBERN |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' motion to remand (Doc. No. 20) and Defendants' response (Doc. No. 25). For the reasons discussed below, the motion is **GRANTED**, and this matter is **REMANDED** to the Circuit for Court for Davidson County, Tennessee.

## I. PROCEDURAL HISTORY

This is a personal injury case arising from a traffic collision between a van and a pedestrian. Plaintiff Marwan El-Mordeha and his wife Plaintiff Andrea Gaw filed this lawsuit against Defendants Sanara Trucking LLC, Daniel Mwangi, Dickson Wright, KW Group LLC, and ALL4TIRES LLC (collectively "Defendants") on April 11, 2024, in the Circuit for Court for Davidson County, Tennessee. (*See* original complaint, Doc. No. 1-1 at PageID # 7-13). Plaintiffs are residents of Tennessee and Defendants are residents of Kansas. (*See id*. at PageID # 7-8).

In their original state court complaint, Plaintiffs alleged that, on June 5, 2023, Defendant Daniel Mwangi was driving a Chevrolet G1500 van (the "van") westbound on Interstate 40, in Davidson County Tennessee. (*See id*. at PageID # 8). Plaintiff El-Mordeha was allegedly outside his vehicle on the right side of Interstate 40 changing a flat tire on the driver's side of his vehicle when Defendant Mwangi struck Plaintiff El-Mordeha with the van. (*See id*.). In their original state

court complaint, Plaintiffs alleged that El-Mordeha has, as a direct and proximate result of the collision: suffered injuries, incurred and will continue to incur medical bills and other expenses, and endured and will continue endure pain and suffering and lost enjoyment of life. (*See id*. at PageID # 12). The original state court complaint further alleged El-Mordeha has lost earning capacity, is permanently scarred and disfigured, and is permanently impaired as a direct and proximate result of the collision. (*See id*.). The original complaint also included a loss of consortium claim brought by Plaintiff Gaw. (*See id*. at PageID # 13).

On May 13, 2024, Defendants filed a motion for more definite statement under Tennessee Rules of Civil Procedure 12.05 and 8.01, requesting that the state court order Plaintiffs to amend their complaint to include a specific amount of damages. (*See id*. at PageID # 47-48). The entirety of Defendants' motion was as follows:

> When a pleading is "so vague or ambiguous that a party cannot reasonably be required frame a responsive pleading," the party may move for a more definite statement. Tenn. R. Civ. P. 12.05. In this case, Plaintiffs should be required to provide a more definite statement because the Complaint fails to specify the Plaintiffs' damages, and the Defendants therefore cannot determine the relief being sought by the Plaintiffs.
>
> A pleading seeking relief "shall contain … a demand for judgement for the relief the pleader seeks." Tenn. R. Civ. P. 8.01. The Complaint must specify the amount of damages sought. *Newcomb v. Kohler*, 222. S.W.3d 368, 384. Here, Plaintiffs' Complaint seeks "a judgement for compensatory damages against Defendants, jointly and severally, in an amount to be determined by the trier of fact." The ad damnum clause is vague and does not provide sufficient information about the relief sought by the Plaintiffs; thus, the Defendants cannot properly respond to the Complaint.
>
> WHEREFORE, Defendants request that the Court grant their Motion and compel the Plaintiffs to file an Amended Complaint which specifies the damages sought in the *ad damnum* clause, within fifteen days of the date of the hearing on this Motion.

(*Id*.).

2

Case 3:24-cv-00847   Document 41   Filed 11/20/24   Page 2 of 8 PageID #: 359

Plaintiffs filed their response to that motion on May 24, 2024. (*See id*. at PageID # 52-54). In their response, Plaintiffs represented, in pertinent part, that El-Mordeha "sustained significant injuries, including a broken foot, torn rotator cuff, torn bicep, and injuries to his knees and neck" and that he had "undergone multiple surgeries for his injuries" and "just recently returned to work." (*Id*. at PageID # 52). Additionally, Plaintiffs noted that while *Newcomb* affirmed that a plaintiff generally cannot recover any more than the amount sought in the complaint, it also acknowledged that plaintiffs may amend their complaint to add or change a demand for judgment amount throughout a lawsuit so long as the timing does not offend a scheduling order deadline or fairness principles. (*Id*. at PageID # 52-53). Plaintiffs also noted that the amount in the *ad damnum* clause has no impact on Defendants' ability to respond to the factual allegations in the complaint. (*Id*.). Defendants filed a reply, reiterating their initial position and claiming they could not know the extent and severity of the Plaintiffs' alleged injuries or evaluate Plaintiffs' claims without an *ad damnum* clause. (*Id*. at PageID # 82). The state court did not rule on the motion for definite statement because the parties agreed out-of-court that Plaintiffs should be permitted to file an amended complaint. (*See* agreed order on defendants' motion for more definite statement, *id*. at PageID # 107). At no point in the briefing on their motion for more definite statement did Defendants notify Plaintiffs or the court that they trying to ascertain whether the amount in controversy exceeded $75,000 for purposes of removal.

On July 1, 2024, Plaintiffs filed an amended complaint, which added an ad damnum clause for up to $1.5 million dollars. (*See id*. at PageID # 104). Less than two weeks later, on July 12, 2024, Defendants removed this action to the present court under 28 U.S.C. § 1441 and 1446. (Doc. No. 1). According to their notice of removal, Defendants assert that Plaintiff's first amended complaint filed on July 1, 2024, was their first notice that this case was removable to Federal Court

3

based on diversity jurisdiction. (Doc. No. 1 ¶ 17). On August 7, 2024, Plaintiffs filed the pending motion to remand (Doc. No. 20), under 28 U.S.C. § 1447(c), arguing Defendants' attempted removal is untimely because the original state court complaint and subsequent response to Defendants' motion for more definite statement contained sufficient information from which Defendants could determine that removal to federal court was available. Through their motion, Plaintiffs also request that the Court order Defendants to pay Plaintiffs' attorneys' fees incurred in this jurisdictional proceeding under 28 U.S.C. § 1447(c) because Defendants' untimely effort to invoke federal jurisdiction has resulted in attorney time to defend against removal. (*See* Doc. No. 21 at 7).

## II. STANDARD OF REVIEW

When analyzing a question of removal from state to federal court, courts begin with 28 U.S.C. §§ 1441 *et seq.*, which states that defendants may remove any civil action from state court to federal court that the federal court would have original jurisdiction over. 28 U.S.C. § 1441. In a matter between citizens of different states, a district court possesses subject matter jurisdiction when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

A defendant removing an action to federal court must file a notice of removal. 28 U.S.C. § 1446(a). "Generally, the defendant must file the notice of removal 'within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.'" *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015) (quoting 28 U.S.C. §1446(b)(1)). The 30–day period in § 1446(b)(1) for filing notice of removal starts to run "only if the initial pleading contains solid and unambiguous information that the case is removable." *Id*. (citation and internal quotations omitted). "A complaint may reach the jurisdictional amount by including claims for losses that are

difficult to quantify." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 510 (6th Cir. 1992) (citing *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 348 (1977)). However, "[i]f the initial pleading lacks solid and unambiguous information that the case is removable, the defendant must file the notice of removal 'within 30 days after receipt ... of a copy of an amended pleading, motion, order or other paper' that contains solid and unambiguous information that the case is removable." *Berera*, 779 F.3d at 364 (citing 28 U.S.C. § 1446(b)(3)).

"For reasons of efficiency and comity, federal courts should construe this time limitation strictly against the extension of federal power in order to avoid encroachment on state court jurisdiction." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). "[E]ven where the amount of damages is not specified, if the defendant is able to ascertain from a fair reading of the complaint or other papers filed that the minimum jurisdictional amount exists, he cannot sit idly by while the statutory period runs." (*Id.*) (citation and internal quotations omitted). "[A] defendant's failure to comply with the statute's thirty-day limitation is an absolute bar to removal regardless of whether the removal would have been proper if timely filed." *Id*.

### III. ANALYSIS

As indicated above, the parties dispute whether Defendants' notice of removal was timely filed within the 30–day period set forth in Section 1446(b). Defendants contend that the alleged damages in the original complaint did not establish the amount in controversy because the damages were alleged "in general and vague terms." (Doc. No. 25 at 6). Defendants further contend that Plaintiffs' response to their motion for more definite statement "did not provide [them] sufficient information about the Plaintiff's treatment or any information about the Plaintiff's medical providers, his medical expenses, or the ability to obtain Plaintiff's medical records to be able to

determine the money value of Plaintiffs' claims." (*Id*. at 9). Additionally, Defendants claim that they "cannot be expected to put a value on the Plaintiffs' injuries without any documentation or information to indicate the amount of the alleged damages." (*Id*. at 7).

Defendants' foregoing arguments fail. As the Sixth Circuit has explained, "§ 1446(b)(3)'s use of 'ascertain[]' and *Berera*'s reference to 'solid and unambiguous information' does not transform the removability inquiry into whether and when a case was 'unambiguously removable.'" *Nessel on behalf of People of Michigan v. Enbridge Energy, LP*, 104 F.4th 958, 967 (6th Cir. 2024). Notwithstanding that "to 'ascertain' means 'to learn with certainty,'" (*id*. at 967–68 (quoting *Ascertain*, Random House Webster's Unabridged Dictionary (2d ed. 2001)), the Sixth Circuit has stated that "to ascertain that a case is removable does not mean to learn with certainty that there is federal jurisdiction." *Id*. Rather, the Sixth Circuit has held that to ascertain that a case is removable "means to learn with certainty that there are good-faith grounds on which to argue for federal jurisdiction." *Id*. at 968. "In other words, as *Berera* states: Section 1446(b)'s requirement of solid and unambiguous information is akin to actual notice." *Id*.

Here, Defendants had good-faith grounds on which to argue the case was removable based on Plaintiffs' original state court complaint that alleged tort claims, including a loss of consortium claim, and asked for damages to compensate for physical injury, past and future medical expenses, pain and suffering, lost enjoyment of life, lost wages, lost earning capacity, permanent scarring and disfigurement, and permanent impairment. Regardless of the merit of these claims, their nature and the relief demanded should have alerted Defendants that Plaintiffs were seeking an amount in excess of $75,000. *See McCraw*, 863 F. Supp. at 434.

Even if the original complaint did not so alert Defendants, Plaintiffs' response to Defendants' motion for more definite statement provided more than sufficient grounds to argue in
6

good-faith that the case was removable because it notified Defendants that Plaintiff had undergone *multiple* surgeries and sustained no less than *five* bodily injuries (broken foot, torn rotator cuff, torn bicep, and injuries to his knees and neck). (*See* Doc. No. 1-1 at PageID # 52).[1]

Under a fair reading of Plaintiffs' original state court complaint, Defendants were on notice of removability upon their receipt of the same. At the very latest, Defendants were on notice of removability by May 24, 2024, when they received Plaintiffs' response to their motion for more definite statement. In either case, Defendants had sufficient notice of removability more than 30 days before removal. As such, Defendants' July 12, 2024 removal was not within the 30 days required under 28 U.S.C. § 1446. Accordingly, Plaintiffs' motion for remand is **GRANTED** as to the request for remand.

As a concluding matter, the Court turns to Plaintiffs' request for attorney's fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Such an award is discretionary with the Court and often turns on whether the removal lacked merit. *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). Here, Defendants' removal was ultimately untimely. And this was not a close call as to when Defendants had sufficient notice. Defendants' position that they could not have sufficient information to remove without an ad damnum clause and/or medical bills was objectively unreasonable; it is not supported by any citations to federal case law. Rather, *McCraw v. Lyons*,

---

[1] The parties agree that Plaintiffs' response to Defendants' motion for more definite statement qualifies as "other paper" under 28 U.S.C. § 1446(b)(3). (*See* Doc. No. 21 at 7 and Doc. No. 25 at 7).

decided in 1994, makes clear that Defendants had sufficient notice to remove well before Plaintiffs filed their amended complaint. *McCraw v. Lyons*, 863 F. Supp. 430, 434–35 (W.D. Ky. 1994) (preponderance of the evidence standard for removal does not require defendants to research or prove the plaintiff's claim for damages). Accordingly, Plaintiffs' motion is **GRANTED** as to the request for attorney's fees under 28 U.S.C. § 1447(c). Counsel for Plaintiffs shall file a petition for fees with supporting documentation in accordance with Local Rule 54.01(c) by December 5, 2024.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE